YABUCOA SUGAR Co., Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 560.  Decided April 29, 1927.

*Blondet & Campillo* for the defendants in the original action and appellants herein.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants are asking us in effect to certify to the Circuit Court of Appeals for the First Circuit evidence taken in the court below which was never presented to us and never incorporated in or made a part of the records of the court below. Not only are we requested to certify up such evidence, but we are also asked to order the stenographer of the district court to reproduce his notes,—of course with the approval of the court below.

The Act of March 10, 1904, authorizing writs of certiorari provides:

"Section 1.—(Definition) A writ issued by a superior to an inferior court requiring the latter to send to the former a certified copy of some proceeding therein pending, or the record and proceedings in some cause already terminated in cases where procedure is not according to the course of the law, and to complete the proceedings when the lower court refuses to do so upon erroneous grounds."

Under this act we issued a writ of certiorari on the 15th day of February, 1927. While the appellants in their answer or opposition noticed the absence of the evidence, they did not then formally request the certifying up of said evidence or formally make the request they are now making. The petition of certiorari was submitted and heard without such formal request. Indeed, the appellants insisted that this court was without authority to reverse the action of the court below without all the evidence before us that led the court below in its discretion to name a receiver. The petition was *post motam litem* in this court, and after the appeal taken. Nothing that we do now can remake the record that was actually before us.

The writ of certiorari requires that certified copies be sent up to us and necessarily only matters can be sent up that are copies of something already existing.

Perhaps in a proper case, if a statement of the case is

afterwards filed in the court below a copy of it may also be certified, especially if this court, advised of its existence, so orders.

The action of this court necessarily could only turn on the right of the court to name a receiver under the conditions presented by the record. The writ of certiorari, like a writ of error, or a demurrer, searches the record to discover whether the court was authorized by law to make the order actually rendered. The question for us was whether, given the nature of the action and the rights of the respective parties, the court had power or authority to name a receiver.

Appellants suggest that the solicited evidence is necessary to show that the court properly exercised its discretion. Our theory was that the court had no power or authority to name a receiver, and hence no discretion was involved.

We acted on the record before us and that record can not be remade at this stage. We considered what was submitted to us. If we should have had more before us the parties ought to have made a motion to that effect or suggested a diminution of the record and should not have been content merely to say in their opposition that we did not have all the evidence before us.

The case is appealed and we apprehend that if the appeal lies, we can not now reconsider our action even if we were disposed to do so. If the court below had a discretion and the evidence submitted put the court below in a position to exercise such discretion then consistently with the state of the record before it, a presumption would arise that every fact congruent with the petition for a receiver was submitted to the lower court. The principal ground of our decision is that we can not now change the record that was actually considered by us.

The petition should be denied.